IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MIRANDA MALLERY,

            Plaintiff,

  v.                                                      Civil Action No.
                                                            3:17-CV-0587 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

            Defendant.

---

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF:

GORTON LAW OFFICE              PETER A. GORTON, ESQ.
P.O. Box 89
1500 Main Street
Endicott, NY 13761-0089

FOR DEFENDANT:

HON. GRANT C. JAQUITH         HEETANO SHAMSOONDAR, ESQ.
U.S. Attorney for the              Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 21, 2018, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

(1)   Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1]   This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

(2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

(3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

(4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:  February 22, 2018
        Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------x
MIRANDA MALLERY,

                             Plaintiff,

vs.                          3:17-CV-587

NANCY A. BERRYHILL, Acting Commissioner of
Social Security,

                             Defendant.

---------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on February 21, 2018, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:      LACHMAN, GORTON LAW FIRM
                    Attorneys at Law
                    P.O. Box 89
                    1500 East Main Street
                    Endicott, New York  13761-0089
                      BY:  PETER A. GORTON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York  10278
                      BY:  HEETANO SHAMSOONDAR, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1          (In Chambers, Counsel present by telephone.)
2          THE COURT:  All right.  I'll have to let that be
3    the last word.
4          I have before me a request for judicial review of
5    an adverse determination by the Acting Commissioner pursuant
6    to 42 United States Code Sections 405(g) and 1383(c)(3).
7          The background is as follows:  Plaintiff was born
8    in February of 1986 and is currently, next week, turning 32.
9    She was 29 at the time of the hearing in this matter and 27
10   when she made her application for benefits.  She has a GED.
11   She last worked at the Dollar Tree as a cashier for
12   approximately two months.  That's -- that occurred in 2013.
13   She was let go for excessive absenteeism which she attributes
14   to migraine headaches.  She also has worked as a cashier in
15   an adult bookstore, as a -- in a concession stand in a
16   baseball stadium, as a receptionist for a tax preparer, and
17   as an aide in a nursing home.  She has, at the time of the
18   hearing, a two-month-old baby.  She has other children but
19   they are not currently in her custody.
20         Plaintiff suffers from a history of substance
21   abuse.  Her last known use and abuse of controlled substances
22   was in September of 2013.  She has been prescribed suboxone.
23   She also suffers from feet callouses and pain for which she
24   sees Dr. Dana Klush.  Plaintiff does suffer from a mental
25   condition that's been variously described, including as

1  depression.  It's been treated by her family practitioner,
2  Dr. Darlene Denzien.  She suffers from migraine headaches for
3  which she's been treated by Dr. Denzien, also by Family Nurse
4  Practitioner Ryan Little, and on one occasion in May of 2013,
5  she had a neurological evaluation performed by Dr. Aamir
6  Rasheed.  For her headaches she has taken in the past
7  Percocet, she's tried Topamax, Maxalt, Nadolol which she says
8  is not working, and she, in September 2015, was going to try
9  Verapamil.  Unfortunately at one point she developed an
10 addiction to her narcotic pain medications.
11         In terms of daily activities, she can dress, bathe
12 herself, cook, clean, do laundry, shop, she does nails and
13 reads and watches television.
14         Procedurally, the plaintiff applied for Title XVI
15 Supplemental Security Income payments on October 8, 2013.
16 The hearing was conducted on September 14, 2015 by
17 Administrative Law Judge Elizabeth Koennecke.  A supplemental
18 hearing with a vocational expert was held on December 14,
19 2015.  On January 8, 2016, ALJ Koennecke issued an
20 unfavorable decision and on May 16, 2017, the Social Security
21 Administration Appeals Council denied plaintiff's request for
22 review of that determination.  I'm sorry, it's May 10, 2017,
23 I can't read my own chicken scratch.
24         In her decision, ALJ Koennecke applied the familiar
25 five-step sequential test for determining disability.

1           At step one she concluded plaintiff had not engaged
2   in substantial gainful activity since the date of her
3   application.  In fact she never had engaged in what was,
4   would be considered SGA.
5           At step two, the administrative law judge concluded
6   that plaintiff suffers from severe impairments including
7   migraine headaches, a mental impairment variously
8   categorized, and substance abuse disorder.
9           At step three, she concluded that none of the
10  conditions met or medically equaled any of the listed
11  presumptively disabling conditions set forth in the
12  Commissioner's regulations.  In making that analysis she
13  considered Listings 12.04, 12.06, and 12.09.
14          ALJ Koennecke then surveyed the medical record and
15  concluded that plaintiff, as residual functional capacity can
16  stand in or walk for six hours in an eight-hour day and has
17  no limitations for sitting, lifting, carrying, pushing, or
18  pulling.  The claimant has no postural or manipulative
19  limitations.  She retains the ability to understand and
20  follow simple directions and instructions, perform simple
21  tasks independently, maintain attention and concentration for
22  simple tasks, regularly attend to a routine and maintain a
23  schedule, handle simple repetitive work-related stress in
24  that the claimant can make occasional decisions directly
25  related to the performance of simple tasks in a position with

1   consistent job duties that does not require the claimant to
2   supervise or manage the work of others.  Should avoid work
3   requiring more complex interaction or joint effort to achieve
4   work goals and can tolerate superficial contact with the
5   public.  This is consistent with the ability to perform less
6   than a full range of medium work as defined in the
7   regulations.
8            Applying that RFC, and after noting that plaintiff
9   has no past relevant work, with the aid of testimony from a
10  vocational expert, ALJ Koennecke concluded that plaintiff is
11  capable, notwithstanding her limitations, of working as a
12  marker, as a photocopy machine operator, and as a machine
13  feeder, and thus is not disabled and was not at the relevant
14  times.
15           As you know, my task is limited to determining
16  whether correct legal principles were applied and the
17  determination is supported by substantial evidence in the
18  record.
19           The key obviously and the focus of plaintiff's
20  argument is on the migraine headaches and whether it will
21  result in absences and plaintiff being off task to an extent
22  that is unacceptable and incompatible with gainful
23  employment.  As plaintiff's counsel correctly argues, the
24  only opinions by qualified examining physicians indicate that
25  plaintiff, plaintiff's migraine headaches would result in her

1   inability to perform work essentially.  Dr. Magurno stated in
2   her consultative report that plaintiff is markedly limited in
3   her ability to keep a standard schedule due to her migraines,
4   that's at 353 of the administrative transcript.  Dr. Denzien
5   stated that, a treating source, that plaintiff would be off
6   task 20 to 33 percent of the time, and would be absent more
7   than four times per month due to her migraines, that's at
8   480.
9           The -- neither Dr. Harding, a nonexamining
10  consultant, nor Dr. Loomis were focused on the physical
11  aspects of the plaintiff's condition, nor were they qualified
12  to testify to that.
13          I note one of the things that I particularly found
14  troubling in ALJ Koennecke's decision is that she made the
15  statement on page 23 that the claimant told her neurologist
16  in 2013 that when she is pregnant, she gets headaches.  That
17  is not what the plaintiff told Dr. Rasheed.  Dr. Rasheed's
18  letter, which is at 257 and repeated at 358, actually says
19  that when she is pregnant, the headaches get worse.
20          Really, the key here, as plaintiff notes, is that
21  migraines are elusive like fibromyalgia in that they're not
22  readily susceptible always to determination by objective
23  testing, particularly when a doctor sees the patient when
24  they're not experiencing migraine headaches.
25          The case cited by plaintiff's counsel, *Dodson v.*

1  *Berryhill*, from this court, it's found at 2017 WL 2838167,
2  captures that principle, and so I think it is not a valid
3  reason for discounting a treating source and a consultative
4  examiner who is qualified and examined the plaintiff for the
5  ALJ to rely on such things as daily activities, and the fact
6  that these are only subjective complaints that give rise to
7  the diagnosis.  I note that, although it was said that the --
8  there was a few times when the plaintiff complained of
9  migraines, there are plenty of indications in the records
10 that she did so.  I cited page 485 which is plaintiff's visit
11 to see United Health Services on January 22, 2014 which
12 she -- when she very clearly indicated the severity of her
13 problem and the pain on a scale of 10 at 9.  I also went
14 through very carefully the record and migraines are
15 prominently referenced in Dr. Denzien's notes at 495, 498,
16 389, 390, 392, 394, 396, 398, 404, 405, 406, 408, 412, 417,
17 and 412 and 417.  Migraines are noted as a, quote, active
18 problem at other places, reference is made to stopping the
19 Nadolol and starting the Verapamil, that's at 498 and 495,
20 September of 2015.  At 425 to 428, plaintiff states that she
21 has headaches almost daily.  So it's not true that she didn't
22 reference the headaches to her physicians when visiting them.
23         So, and daily activities, I think, again, is a --
24 is not a valid -- is a very weak basis for rejecting the
25 opinions of a treating source as controlling and of a

1  consultative examiner, because daily activities can be
2  performed at a rate other than eight hours a day five days a
3  week.
4         So I find that Dr. Denzien's opinions were
5  improperly rejected and should have been found controlling
6  and as supported by Dr. Magurno and it not contradicted by
7  any acceptable qualified medical source.  I also -- and I
8  therefore, and since that infected the RFC and the
9  hypothetical that was posed to the vocational expert, the
10 step five determination is flawed.
11        I don't find persuasive proof of disability and so
12 I will grant judgment on the pleadings to the plaintiff and
13 direct that the matter be remanded for further consideration
14 by the agency.
15        Thank you both for excellent presentations, an
16 interesting case.  Hope you have a good day.
17        MR. GORTON:  Thank you, your Honor.
18        MR. SAMSOONDAR:  Thank you, your Honor, same to
19 you.
20             (Proceedings Adjourned, 2:36 p.m.)

1     CERTIFICATE OF OFFICIAL REPORTER

2

3

4     I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5     Official Realtime Court Reporter, in and for the

6     United States District Court for the Northern

7     District of New York, DO HEREBY CERTIFY that

8     pursuant to Section 753, Title 28, United States

9     Code, that the foregoing is a true and correct

10    transcript of the stenographically reported

11    proceedings held in the above-entitled matter and

12    that the transcript page format is in conformance

13    with the regulations of the Judicial Conference of

14    the United States.

15

16              Dated this 21st day of February, 2018.

17

18

19              /S/ JODI L. HIBBARD

20              JODI L. HIBBARD, RPR, CRR, CSR
                Official U.S. Court Reporter

21

22

23

24

25